# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| CNH INDUSTRIAL AMERICA LLC, | ) | |
| | ) | |
| | ) | C.A. No. N12C-07-108 EMD CCLD |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN CASUALTY COMPANY OF | ) | |
| READING, PENNSYLVANIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

*Upon Consideration of the Plaintiff's*
*Motion for Partial Summary Judgment on Exhaustion*
***GRANTED in part and DEFERRED in part for further briefing***

Brian M. Rostocki, Esquire, and John C. Cordrey, Esquire, Reed Smith LLP, Wilmington, Delaware and James M. Davis, Esquire, Thomas A. Marrinson, Esquire, Evan T. Knott, Esquire, Emily E. Garrison, Esquire, Reed Smith LLP, Chicago, Illinois. *Attorneys for CNH Industrial America LLC.*

Neal J. Levitsky, Esquire, and Seth A. Niederman, Esquire, Fox Rothschild, LLP, Wilmington, Delaware and Richard L. McConnell, Esquire, Dale E. Hausman, Esquire, Wiley Rein, LLP, Washington, DC. *Attorneys for Defendant The Travelers Indemnity Company.*

John S. Spadaro, Esquire, John Sheehan Spadaro, LLC, Hockessin, Delaware, and Lawrence A. Nathanson, Esquire, Siegel & Park, Mt. Laurel, New Jersey. *Attorneys for Defendants Central National Insurance Company of Omaha and Century Indemnity Company.*

Raymond D. Armstrong, Esquire and Dade D. Werb, Esquire, Giordano, DelCollo & Werb, LLC, Wilmington, Delaware, and Ralph J. Luongo, Esquire, Carroll, McNulty & Kull LLC, Philadelphia, Pennsylvania. *Attorneys for Defendant Granite State Insurance Company.*

**DAVIS, J.**

## INTRODUCTION AND PROCEDURAL HISTORY

This is an action for declaratory relief and breach of contract filed by Plaintiff CNH

Industrial America LLC ("CNH") against a number of insurance companies, including Travelers

Indemnity Company ("Travelers"). The complaint alleges that the defendant insurance

companies have failed to honor defense and coverage obligations arising from asbestos-related lawsuits filed against CNH (the "Underlying Lawsuits").

On October 6, 2014, CNH filed the Plaintiff's Motion for Partial Summary Judgment on Exhaustion (the "Motion"). Through the Motion, CNH asks the Court to rule that (1) the remaining limit of a primary commercial general liability policy that Travelers issued directly to J.I. Case Company ("J.I. Case") for the period of January 1, 1972 through January 1, 1973 (the "J.I. Case Policy") is $95,920.61; and (2) that 15 primary commercial general liability policies issued by Travelers covering Tenneco and J.I. Case for the period of January 1, 1972 through September 1, 1986 (the "Tenneco policies") are exhausted. Among the Tenneco policies are 13 policies which were exhausted by payments of prior non-asbestos claims to Tenneco.

On May 1, 2015, Travelers filed the Defendant the Travelers Indemnity Company's Brief in Response to Plaintiff's Motion for Partial Summary Judgment on Exhaustion (the "Response"). Also on May 1, 2015, Defendants Central National Insurance Company of Omaha and Century Indemnity Company filed Certain Excess Insurers' Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment on Exhaustion (the "Opposition"). On May 3, 2015, Granite State Insurance Company filed the Joinder of Granite State Insurance Company in Argument B of the Brief of Certain Excess Insurers in Opposition of Plaintiff's Motion for Partial Summary Judgment on Exhaustion (the "Joinder"). On May 13, 2015, CNH filed Plaintiff CNH Industrial America LLC's Reply Brief in Support of its Motion for Partial Summary Judgment on Exhaustion (the "Reply").

On May 18, 2015, the Court held a hearing (the "May 18 Hearing") on a series of outstanding motions filed by the parties in this civil action, including the Motion, the Response, the Opposition, the Joinder and the Reply. After hearing arguments the Court took the Motion

2

under advisement. The Court did make certain rulings at the May 18 Hearing on other motions that impacted the relief sought in the Motion. The Court held that Wisconsin law applied with respect to the J.I. Case Policy and the Tenneco policies. In addition, the Court held that the relevant policies had been effectively assigned to CNH as part of the 1994 reorganization.

On July 6, 2015, Travelers filed a letter (the "July 6 Letter") with the Court. In the July 6 Letter, Travelers contends that certain payments recently made by Travelers to CNH for losses and defense costs "allegedly" incurred by CNH with respect to the Underlying Lawsuits means that certain issues under the Motion, and the other pending motions, may require additional briefing. CNH responded to the July 6 Letter on July 9, 2015 (the "July 9 Letter"). Not surprisingly, CNH disagrees with Travelers' position as set out in the July 6 Letter. In the July 9 Letter, CNH contends that the payments do not "impact or influence the arguments made in the pending motions…." Despite taking this position in the July 9 Letter, CNH subsequently filed its Plaintiff's Motion Seeking an Expedited Declaration of CNH's Right to Cash Checks Sent by Travelers and Rejecting Travelers' Attempts to Prejudice CNH by Mischaracterizing those Checks (the "Checks Motion") on August 6, 2015. In response to the Checks Motion, the Court set an expedited briefing schedule that should be completed by September 22, 2015.

As set forth below, the Court does believe certain issues pending in the Motion should be deferred pending briefing on the Checks Motion and explanation by Travelers why its payments impact the Motion. However, the Court also believes that certain aspects of the Motion are ripe and should be decided as set forth in this Opinion.

## LEGAL STANDARD AND DISCUSSION

The standard of review on a motion for summary judgment is well-settled. The Court's principal function when considering a motion for summary judgment is to examine the record to determine whether genuine issues of material fact exist, "but not to decide such issues."[1] Summary judgment will be granted if, after viewing the record in a light most favorable to a non-moving party, no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.[2] If, however, the record reveals that material facts are in dispute, or if the factual record has not been developed thoroughly enough to allow the Court to apply the law to the factual record, then summary judgment will not be granted.[3] The moving party bears the initial burden of demonstrating that the undisputed facts support his claims or defenses.[4] If the motion is properly supported, then the burden shifts to the non-moving party to demonstrate that there are material issues of fact for resolution by the ultimate fact-finder.[5]

In the Motion, CNH seeks a determination that the J.I. Case Policy and the 1978 and 1985-86 Tenneco Policies are "partially exhausted" and that all other Tenneco Policies are fully exhausted. Travelers replied and agreed that all of its primary policies issued to Tenneco and J.I. Case have been exhausted, with the exception of the J.I. Case Policy, the 1/1/78-9/1/78 Tenneco Policy, and the 9/1/85-9/1/86 Tenneco Policy. While other defendants contest this "agreement" between the primarily responsible parties, the Court does not find that there is a genuine issue of

---

[1] *Merrill v. Crothall-American Inc.,* 606 A.2d 96, 99-100 (Del. 1992) (internal citations omitted); *Oliver B. Cannon & Sons, Inc. v. Dorr-Oliver, Inc.,* 312 A.2d 322, 325 (Del. Super. 1973).

[2] *Merrill,* 606 A.2d at 99-100; *Dorr-Oliver,* 312 A.2d at 325.

[3] *Ebersole v. Lowengrub,* 180 A.2d 467, 470 (Del. 1962); s*ee also Cook v. City of Harrington,* 1990 WL 35244, at *3 (Del. Super. Feb. 22, 1990) (citing *Ebersole,* 180 A.2d at 467) ("Summary judgment will not be granted under any circumstances when the record indicates ... that it is desirable to inquire more thoroughly into the facts in order to clarify the application of law to the circumstances.").

[4] *Moore v. Sizemore,* 405 A.2d 679, 680 (Del. 1979) (citing *Ebersole,* 180 A.2d at 470).

[5] *See Brzoska v. Olson,* 668 A.2d 1355, 1364 (Del. 1995).

4

material fact on this particular issue. Therefore, the Court holds that this is no longer a contested issue of fact for purposes of the Motion or this civil proceeding.

The July 6 letter provided the Court with new and material information about the issue of exhaustion of the J.I. Case Policy, the 1/1/78-9/1/78 Tenneco Policy, and the 9/1/85-9/1/86 Tenneco Policy. The impact of the July 6 Letter, the July 9 Letter and the Check Motion on the arguments made in the Motion must be considered. Moreover, the Answer relies in part on the incorrect contention that Wisconsin law does not apply to the issue. As the Court held at the May 18 Hearing, Wisconsin law applies with respect to the J.I. Case Policy and the Tenneco policies. As such, the parties shall provide additional briefing to the Court on the issue of exhaustion, taking into considerations the Court's rulings and the July 6 letter.

### CONCLUSION

For the foregoing reasons the Motion is **GRANTED** on the point of exhaustion of all Tenneco Policies except that the J.I. Case, the 1/1/78-9/1/78 Tenneco Policy, and the 9/1/85-9/1/86 Tenneco Policy are only partially exhausted (subject to new facts raised in the July 6 Letter) and the remaining issues in the Motion are *DEFERRED*. The Court will contact the parties to set up a status conference on briefing and additional oral arguments.

Dated: August 21, 2015
Wilmington, Delaware


/s/ *Eric M. Davis*
Eric M. Davis, Judge

5